### NIELSEN v. FOOD FAIR STORES, Inc., et al.

Industrial Commission.

August 11, 1954.

Allen Clements, Miami, for claimant.

Arthur Lundeen, Blackwell, Walker & Gray, Miami, for employer and insurance carrier.

## BY THE COMMISSION.

This cause came on for review upon application for review of an order by a deputy commissioner granting compensation. The situation is a novel one and merits our consideration. The deputy in this cause scheduled an authorized hearing for March 30, 1954 and mailed a notice of hearing to that effect. In accordance with a local procedure, the deputy also scheduled a "pre-hearing conference" for March 23, 1954, the purpose being to limit the issues to be presented at the scheduled hearing. At the pre-hearing conference the claimant and his attorney and the attorney for the employer and carrier were present. Almost complete agreement was reached by the parties on the matters at issue at this conference but claimant's attorney did object to the amount of attorney's fee which the deputy planned to grant. Subsequently an order dated March 30, 1954 was entered by the deputy which stated that—"a hearing on the above entitled claim was conducted by the undersigned deputy commissioner." The hearing referred to in this order was the pre-hearing conference referred to above—the regularly scheduled hearing set for March 30, 1954 was never held. The claimant has filed his application for review from this order and contends a hearing had not been held.

In our opinion the claimant's contention is valid. The pre-hearing conference was not stenographically reported and the parties were required to stipulate as to what proceedings were had

at this conference. While such a pre-hearing conference may have a good and valid purpose, it cannot be substituted for a regularly scheduled hearing at which the parties are allowed to submit evidence and a record is made of the proceedings as a basis for an appeal. Such a conference may result in an order *if* the parties wish to stipulate on all matters in controversy—as the deputy could approve such stipulation by an appropriate order and there would be no need for further hearing. Where there is controversy remaining, however, he cannot enter an order based upon the discussions held at such a conference—which cannot be a substitute for the scheduled hearing.

The sole controversy appears to be whether attorney's fees should be based solely on past due compensation or should be based also upon future compensation. Without answering the question in this specific case it is our opinion that once an attorney's fee is authorized, many factors enter into the determination of a proper fee to be awarded. The novelty of the question, the amount of work involved, the skill of the attorney, the amount of the recovery and other factors enter into such determination. When considering the amount of the recovery, it is our opinion that the total amount of compensation which has been and *will be* recovered from the employer and carrier should be the guide in awarding a fee.

It is the order of the commission that the order of the deputy commissioner is of no effect, and the cause is remanded to the deputy commissioner for further proceedings.