## ASHBURN v. FOOD FAIR STORES, Inc., et al.

Industrial Commission.

March 18, 1955.

Dudley Burton, Nichols, Gaither, Green, Frates & Beckham, Miami, for claimant.

Arthur Lundeen, Blackwell, Walker & Gray, Miami, for the employer and insurance carrier.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

This cause came on to be heard upon application for review of a deputy's order dated October 28, 1954 dismissing a claim on the ground that it had been barred by the statute of limitations.

On May 19, 1954 claim was filed for compensation and medical benefits—the accident having occurred on November 21, 1951. On May 27, 1954 the usual "Notice of Hearing" form was sent by registered mail to all the parties stating that—"A hearing will be held in the above case . . . at 10:30 A.M., June 23, 1954." Also typed on the notice was—"*Note*: The parties and their attorneys are requested to appear at this office for the purpose of a pre-hearing conference regarding this claim on Thursday, *June 10*, 1954, at 2 P.M."

The parties appeared before the deputy on June 10, 1954. Counsel stipulated there had been an accidental injury on November 21, 1951, that the claimant had an average weekly wage of $72 at the time, and that compensation had been paid for one day. The

claimant acceded to the carrier's request that he be examined by its doctor, and he was so examined on July 7, 1954. The hearing scheduled for June 23, 1954 was postponed to July 22, 1954.

At the hearing on July 22, 1954 the carrier interposed the defense of the statute of limitations in section 440.19, Florida Statutes 1953. There were several hearings on the merits of the case, the last on August 12, 1954. The deputy found that claimant was temporarily and totally disabled as a result of the 1951 accident and "will need further medical treatment, and will be incapacitated for an indefinite period, and perhaps for life." The deputy, however, dismissed the claim on the ground that it had been barred by the statute of limitations.

Section 440.19 (1) provides—"The right to compensation for disability . . . shall be barred unless a claim therefor is filed within two years after the time of injury . . ." Section 440.19 (2) provides—"Notwithstanding the provisions of subsection (1) failure to file claim within the period prescribed in such subdivision shall not be a bar to such right *unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard.*" (Italics added.)

The claim having been filed two and a half years after the injury, it is barred under section 440.19 (1) unless under the facts and section 440.19 (2) the defense is not available to the carrier. Claimant contends that the carrier's failure to interpose its defense at the so-called pre-hearing conference on June 10, 1954 constitutes a waiver within the provisions of section 440.19 (2). The issue narrows down to whether the events which were scheduled and occurred before the deputy on June 10, 1954 constituted a "first hearing" within the meaning of section 440.19 (2).

It is noteworthy that the notice to appear on June 10 was on the usual Notice of Hearing form. It was addressed to the *parties* and their attorneys. Notice was by registered mail and the parties had in excess of the ten days' notice required by section 440.25 (3) for the hearing of claims. When the parties appeared before the deputy on the appointed day, stipulations were entered into with respect to the merits of the claim and a request was made by the carrier for medical examination of the claimant, typical procedure in hearings before a deputy commissioner—but no mention was made of a limitations defense under section 440.19 (1).

The deputy relied on the commission ruling in Nielsen v. Food Fair Stores, Inc., 6 Fla. Supp. 153. That case involved a totally

different issue. It was a claim for attorney fees. A matter was presented to the deputy for determination on the merits. At a prehearing conference he decided the attorney fee issue without the taking of any testimony. There was no record for the commission to review and accordingly it was remanded. The deputy's error related to his failure to follow a fundamental procedure—the making of a record when a matter is decided on the merits. The fact that it was done at a so-called "pre-hearing conference" was not important. The result would have been the same if his failure had occurred at any proceeding irrespective of its label. Essentially, the Nielsen case states the following rule—a determination on the *merits* can be accomplished in one of two ways—(a) by an order based on a written stipulation, or (b) by an order supported by a record. Of course, if it is the latter it follows that the presence of a stenographer is necessary in order to make up the record if the stenographic method is employed as in Dade County where the Nielsen case originated. That is what the commission meant when it said in that case—"The pre-hearing conference was not stenographically reported and the parties were required to stipulate (for purposes of review) as to what proceedings were had at this conference." The deputy evidently interpreted the Nielsen case as authority that there can be no "hearing" *for any purpose* without the presence of a stenographer. It is not uncommon for parties to agree to pursue their problem "off the record" at a hearing. As a matter of fact deputies in some parts of the state do not use a court reporter, the record being later prepared by transcription from a dictaphone recording of the proceedings.

Section 440.19(2) has not been construed by our Supreme Court. This section is similar to the Federal Longshoremen's Act which has been construed in Grain Handling Co. v. McManigal (D.C.N.Y.), 30 F. Supp. 974, wherein at page 976 the court said— "It seems to the court that the intent of the statute was to require the defense to be raised promptly and that in using the words 'at the first hearing' it meant that the defense should be claimed 'at the first opportunity upon going before the deputy commissioner.' The courts of New York state seem to have adopted such an interpretation."

The principle that the statute of limitations must be pleaded at the first opportunity is universal. This principle is implied in the very section of the Act under consideration. One may ask why the Act provides that the defense must be pleaded at "the first hearing." Simply because, there being no pleadings prior to hearing or trial in workmen's compensation cases, the first opportunity to do so is when an appearance is made before the deputy. At com-

mon law with its use of pleadings as such, pleadings offer the first opportunity and for that reason, at common law, the statute of limitations must be "pleaded." The authors of the Act had no way of expressing "first opportunity" other than by providing it be done at the first hearing. The spirit of the principle should be carried out by requiring the carrier to state its position with regard to limitations at the first official gathering of the parties before the deputy. In the opinion of a majority of the commission the June 10 procedure was a "first hearing" within the meaning of section 440.19(2).

The deputy's order is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. In the event the deputy allows the claim he is directed to allow claimant's attorney a $325 fee for his services before the commission on this review.

JAMES. CAMERON, Commissioner (dissenting).

The facts in this case show that the claimant was injured on November 21, 1951, and that he received compensation and medical benefits on December 11, 1951. No other compensation payments were made, nor were further medical payments made; therefore, the two-year statute of limitations had run on December 11, 1953. Nothing further was heard concerning the claim until the claimant's attorney wrote the commission on May 19, 1954—over five months after the statute of limitations had run its course. Thereafter, the regular printed form of notice of hearing was sent out by the deputy notifying the parties to be prepared and produce their witnesses and evidence at the initial hearing, therein scheduled for June 23, 1954; but at the top of this regular printed form there was typed in a "note" from the deputy requesting the parties and their attorneys to appear at his office on June 10, 1954 for a pre-hearing conference prior to the initial hearing.

The so-called pre-hearing conference in workmen's compensation cases is unknown to workmen's compensation cases and not authorized by statute in Florida, except that it is used by several deputies in Miami for the purpose of ascertaining what the claimant is seeking, eliminating the calling of expert witnesses, etc. preparatory to the actual hearing, since there are no formal pleadings in compensation cases.

In fact, the commission in Nielsen v. Food Fair Stores, Inc., 6 Fla. Supp. 153, decided that a pre-hearing conference was not an authorized hearing. The defendants in this case at the so-called pre-hearing conference did not invoke the statute of limitations;

but at the first actual hearing in the case which was stenographically reported and where evidence was received as required by the statute, did invoke the same.

The sole question in this case is whether the defendants waived their right to invoke the statute of limitations by not raising the same at a so-called "pre-hearing conference," where such defendants did properly raise the question at the first actual hearing which was being stenographically reported and where evidence was being received, pursuant to the Act. The deputy held that the defendants did not waive the right to invoke the statute of limitations and in my opinion, properly dismissed the cause.

It is clear that the statute of limitations must be raised at the first hearing, section 440.19(2), quoted in the majority opinion. A hearing is defined in section 440.29(2) as follows—*"Hearings before the commission shall be open to the public and shall be stenographically reported,* and the commission is authorized to contract for the reporting of such hearings." (Italics added.)

The record reveals that the statute of limitations was invoked at the *first hearing* which was stenographically reported and which complied with the italicized provisions of the statute quoted above. This *first hearing* was the only hearing which was reported, thereby creating a record in the case which could be reviewed by either the full commission or the Supreme Court.

The defense of the statute of limitations is an affirmative defense not only in workmen's compensation cases, but also in common law cases of this state. Certainly, it would be foolish to require a defendant to raise this affirmative defense at an informal conference where the record and proceedings were not being stenographically reported, regardless of whether it was called a pre-hearing conference, or by any other name.

The evidence in this case definitely shows that at the pre-hearing conference no testimony was taken, no evidence was submitted, and the proceedings were not stenographically reported. The defendants did not raise the statute of limitations at this pre-trial conference because they were not required to do so by the workmen's compensation law.

The opinion expressed by the majority of the members of the commission in this case is diametrically opposed to the decision which these two gentlemen reached in August of this past year in Nielsen v. Food Fair Stores, Inc., supra, order dated August 11, 1954. In that case the claimant's attorney appealed the deputy's ruling on the ground that a pre-hearing conference was not a hearing within

the purview of the Act, insisting that the deputy had no right to enter an order in the case giving the claimant certain benefits and setting the claimant's attorney's fee at such conference, in that the same was not a hearing within the purview of the Act where evidence was legally adduced and the proceedings reported. The claimant's attorney in that case contended that the order which set his attorney fee at $125 was null and void in that it emanated from a pre-hearing conference rather than a hearing authorized by the Act.

*The same employer and carrier, and the same firm of attorneys in this case* were called upon in the Nielsen case, to defend the deputy's position before the full commission that a pre-hearing conference was a *hearing* under the Act, from which a binding order could be entered. The same two members of this commission who have reversed the deputy in their majority opinion in this case, in no uncertain terms supported the claimant's attorney's position in the Nielsen case that a pre-hearing conference, which is not stenographically reported, could not be termed a "hearing" under the Act, and in so holding said—

> In our opinion claimant's contention is valid. *The prehearing conference was not stenographically reported* and the parties were required to stipulate as to what proceedings were had at this conference. *While such a pre-hearing conference may have a good and valid purpose, it cannot be substituted for a regularly scheduled hearing at which the parties are allowed to submit evidence and a record is made of the proceedings as a basis for an appeal.* Such a conference may result in an order *if* the parties wish to stipulate on *all* matters in controversy —as the deputy could approve such stipulation by an appropriate order and there would be no need for further hearing. *Where there is controversy remaining, however, he cannot enter an order based upon the discussions held at such a conference—which cannot be a substitute for the scheduled hearing.* (Italics added.)

Certainly, if a binding order could not be entered on a pre-hearing conference in regard to attorney's fees, as held in the Nielsen case, how could an affirmative defense be injected in a pre-hearing conference and the deputy be called upon to dismiss a case at such a conference, *when no record is being made either for the full commission or the Supreme Court at such conference.*

The legislature prescribed the conditions of a "hearing" in section 440.29(2) of the Act when it was first passed in 1935, more than ten years prior to the time when a "pre-hearing conference" was known to our practice in the state courts. Surely the defense counsel in this case, who were the same defense counsel in the Nielsen case, and the deputy commissioner in this case, had every

right to rely upon the decision rendered by the full commission in the Nielsen case. Even if the Nielsen case had not been so decided by this commission, the statute as to what constitutes a hearing is plain and without ambiguity.

It cannot be argued that estoppel is applicable because the time limitation for this claim expired almost six months before the pre-hearing conference. Claimant was not lulled into a false sense of security because the statute was not asserted at the so-called "pre-hearing conference," for his claim had long been barred. Claimant also attempts to proceed on the theory of waiver; but there can be no question of waiver where the defendant proceeds in accordance with the provisions of the Act.

The majority opinion completely ignores the substantial evidence rule which this commission and our Supreme Court have so long recognized. All of the argument presented by the claimant to the full commission was also presented to the deputy commissioner. Prejudice and bad faith were asserted before the deputy, but the order denying this very claim operated to establish conclusively the fact that the carrier and employer acted in good faith and did nothing which served to prejudice any rights of the claimant. They could not prejudice a claim which was already barred. The deputy heard all the testimony and received all the evidence involved in this claim. He found that the carrier and employer acted in accordance with the terms of the Act and in food faith. He further found that no waiver and no estoppel had been established by the claimant. Certainly the deputy commissioner who heard this case had substantial evidence upon which to base his decision. His findings should not be disturbed, and his order should be affirmed.